**STATE OF MONTANA,**
    **Plaintiff,**                      **No. DC-05-31**
**vs.**                                **Decision**
**CLIFFORD OLD HORN,**
    **Defendant,**

On February 15, 2006, the defendant was sentenced to the following: <u>Count I</u>: A commitment to the Department of Corrections for a term of twenty (20) years, with fifteen (15) years suspended, for the offense of Burglary, a Common Scheme, a felony; <u>Count II</u>: Ten (10) years, with all time suspended, for the offense of Theft, a Common Scheme, a felony; and <u>Count III</u>: Ten (10) years, with all time suspended, for the offense of Deceptive Practices, a felony. The sentence imposed on Count III shall run concurrently with Count II. Counts II and III shall run consecutive to Count I. The Court recommended that the Defendant be considered for placement at Treasure State Correctional Training Center, Connections Corrections and pre-release programs if deemed appropriate by the Department of Corrections.

On August 10, 2006, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Lane Bennett. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 10th day of August, 2006.
DATED this 21st day of August, 2006.
Alt. Chairperson, Hon. Randal I. Spaulding, Member, Hon. Katherine Irigoin and Alt. Member, Hon. Douglas Harkin.